CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF OREGON
MAY - 4 2010
LODGED_____REC'D_____
PAID_____DOCKETED_____

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In Re:  ) Bankruptcy Case
        ) No. 09-65100-fra13
JAMIE ANNE SCHULKE,  )
        ) MEMORANDUM OPINION
            Debtor.  )

The Debtor filed a motion for an order allowing her to retain her recently received tax refund in order to pay for unanticipated expenses. A hearing was held on April 14, 2010 at which I ruled that the motion would be denied without prejudice to the filing of a modified plan. I also indicated that I would expand upon my ruling in written form. This Memorandum Opinion fulfills my responsibility in that regard.

DISCUSSION

The Debtor filed a chapter 13 bankruptcy petition and a plan of reorganization on September 22, 2009. An order confirming plan was entered on January 27, 2010. The chapter 13 plan as confirmed provides at ¶ 1(c) that all net tax refunds for both pre-petition and post-petition tax years be tendered to the trustee during the 36 months of the Plan. The order confirming plan requires that the Debtor timely file all required tax returns and provide copies to the Trustee immediately upon

Page 1 - MEMORANDUM OPINION

filing. Tax refunds received during the term of a chapter 13 plan are part of the plan payment required of a debtor because receipt of a tax refund indicates overwithholding of taxes by the debtor and should rightly be included in disposable income.

On March 19, 2010, the Debtor filed the motion for an order allowing her to retain her 2009 net tax refund. The motion indicates that the money is needed to pay for surgery for her husband and to pay her housing expense and make up for the loss in her food stamp eligibility and benefits. At the hearing on the motion, Debtor's attorney indicated that the refund is approximately $4,000 and agreed with the Trustee that additional information regarding the refund and its use is needed.

11 U.S.C. § 1329(a) provides, in part, that a modified plan may be filed at the request of the debtor, the trustee, or a holder of an allowed unsecured claim to (1) increase or reduce the amount of payments on claims . . . ." Debtor's motion seeks to do just this - it reduces by approximately $4,000 the amount that would otherwise be available for the payment of allowed unsecured claims. Because this is a material amount, it is appropriate that the change be made in the context of a modified plan. A modified plan will allow interested parties to determine how the modification affects their interests, where a motion generally would not. This will give interested parties a chance to challenge the modification and, if there are no objections to its confirmation and it otherwise meets the requirements of the Code, the plan as modified becomes the plan of reorganization without further hearing. 11 U.S.C. § 1329(b)(2).
// // //

CONCLUSION

Where a debtor seeks to retain a tax refund in contravention of his or her chapter 13 plan and the amount is not insignificant, a modified plan should be filed. I leave it to the trustee to determine whether the amount of the tax refund is material. In those instances where a small tax refund is determined by the trustee to be immaterial, the trustee and debtor may submit a stipulated order modifying the plan.

FRANK R. ALLEY, III
Bankruptcy Judge